## LAWRENCE v. THOM, ET AL.

EVIDENCE — PRINCIPAL AND SURETY — PROMISSORY NOTES, EXTENSION.

1. Where the statement of a witness involves a conclusion of law, it does not bind the court, however confident the witness may have been of the correctness of his opinion.

2. The payment of interest in advance for a period beyond the maturity of a note already due is evidence of an agreement to extend the time of payment for the period for which the interest is paid; there being no reservation of the right to sue, expressly made or inferable from the circumstances.

3. Where the maker of a note pays a sum of money to the payee as interest bonus for an extension of the time of payment, the purpose of the payment being stated in the letter of transmittal, and the same is accepted by the payee without explanation or comment, it will be taken as received and applied for the express purpose for which it was paid, as against the sureties on the note, the payment and extension having been made without their consent.

4. A letter from the principal maker of a note to the payee, inclosing money to pay interest on the note, and a further sum as interest bonus for an extension of the note, is admissi-

ble in evidence to show an extension of the note in an action by the payee against the sureties, the latter contending that the note was extended without their consent; and said letter is not incompetent as hearsay.

5.   The payee loaned to the principal maker of a note $500 taking a note payable in five months with interest at one per cent per month from date until paid. The note was also signed by two parties as sureties. The principal agreed with the payee, at the time, to pay one half of one per cent per month in addition to the interest called for by the note, and paid said bonus for the time the note was to run, at the time the loan was made. Before maturity, the payee said to the principal that he might have more time by giving a new note with the same sureties. Shortly after maturity, the principal sent the payee, by letter, money to pay the interest to maturity, and a further sum to pay interest bonus at the agreed rate for an extension for six months, stating that a new note was not necessary, but the extension could be indorsed on the note. The money was accepted without any reply from the payee. The note was held by the payee for some years and several payments were thereafter made by the principal, of interest and " premium interest," and indorsed on the note, but no words were indorsed stating that the note was extended. *Held*, in an action against the sureties that the facts were sufficient to support a judgment for the sureties, on the ground that the note had been extended without their consent.

[Decided April 4, 1901.]

ERROR to the District Court, Johnson County, HON. JOSEPH L. STOTTS, Judge.

Action upon a promissory note against the sureties thereon.   The sureties defended on the ground that the note had been extended without their consent, and judgment was rendered in their favor.   The plaintiff brought error.   The facts are fully stated in the opinion.

*Gibson Clark*, and *W. S. Metz*, for plaintiff in error.

The burden of proof is upon the defendants.   In order to release the sureties the extension of time must be given without the consent of the sureties for a definite time and upon a valuable consideration.   Those conditions are not shown in this case.   Where the holder extends the

time but reserves his rights against the sureties, they are held. (Bank v. McNulty, 31 S. W., 1091; Irwin v. Adams, 48 Wis. 468; Hogery v. Hill, 15 Am. R., 583; Bank v. Jose, 38 Pac., 1026.) The mere advance of interest with the willingness to extend the time will not release the sureties. (Bank v. Gardner, 57 Mo. App., 268; Dobson v. Taylor, 57 N. J. L. 11; Ins. Co. v. Schiskling, 56 Minn, 283; Lay v. Nixon, 14 Mont., 64; Bell v. Fontall, 55 Minn., 431; Dall v. Conley, 41 Neb., 655.) Acceptance of interest at maturity and allowing a note to run does not constitute an extension of the time of payment. (Allen v. Hopkins, 34 S. W., 13.) Nor the taking of collateral security maturing at a later date. (Robinson v. Belairs, 45 Pac., 63; Ins. Co. v. Mahle, 20 Ill. App., 557.) An agreement for a higher rate of interest outside the note does not affect the sureties. (Mck. v. McM., 36 S. W., 1091; Beasley v. Booth, 22 S. W., 255; Brown v. Fontaine, id., 129; Gaulbetter v. Fullerton, 53 Ill., 126; Barwell v. Meyer, 35 id., 40; Munkle v. Jung, 30 Wis., 362.) A conditional agreement to extend the time will not discharge the sureties. (Thorn v. Pinkham, 24 Atl., 718; Daniel Neg. Instr., Secs. 1318, 1319; Brandt on Suretyship, Vol. 2, Sec. 370; Wheeler v. Washburn, 24 Vt., 293; Harrisbrogan v. Lieser, 3 Gratt., 144; Booban v. Burrows, 51 Cal., 404; 2 Brandt, 365; Williams v. Cooilliard, 10 Cal., 419.) The plaintiff in this case merely expressed a willingness to extend the time upon the execution of a new note. There was no extension shown. See Bank v. Mackey, 11 Sup. Ct. R., 844.

*Alvin Bennett*, for defendants in error, Thom and Mather.

The circumstances under which the payment of the advance interest as bonus for six months' extension was made is sufficient to show the extension and to release the sureties. (Riner v. Ins. Co. (Wyo.), 60 Pac., 262; Brandt on Sur., 352; Gillett v. Taylor, 46 Pac., 1099; Harsh v. Klepper, 28 O., 200; Fawcett v. Freshwater, 31 O.

St., 637; Thompson v. Massie, 41 *id.*, 307; Knight v. Hawkins, 20 S. E., 266; Sloan v. Latimer, 19 *id.*, 491; Sanders v. Bagwell, 10 *id.*, 946; Mann v. Brown, 9 S. W., 111; Hollingsworth v. Tomlinson, 12 S. E., 989; Bank v. Skidmore, 30 S. W., 564; Scott v. Fisher, 14 S. E., 799; Festal v. Knight, 15 S. W., 17; Bank v. Chick, 13 Atl., 872; Edwards on Bills, Sec. 572; 2 Daniel on Neg. Instr., Sec. 1312; 1 Ency. L., 510.)   The agreement to give time may be implied.   (Brandt, Vol. 2, Sec. 351; Osborne v. Low, 40 O., 347; St. Paul Tr. Co. v. Driscoll, 67 N. W., 350; Walley v. Bank, 47 Pac., 147; Drescher v. Fulham, 52 *id.*, 685; Niblack v. Champeny, 72 N. W., 402; Corbett v. Clough, 65 *id.*, 1074.)

CORN, JUSTICE.

This was a suit upon a promissory note brought by the plaintiff in error against the defendants C. H. Burritt, E. B. Mather, and W. J. Thom.   The defendants, Mather and Thom, answered admitting the execution of the note, but alleging that they signed it as sureties for the defendant Burritt, and that after it became due the plaintiff, without their knowledge or consent, granted an extension of payment for the term of six months in consideration of a premium over and above the interest mentioned therein; and that the plaintiff afterward repeatedly extended the time of payment upon consideration of similar payments made by Burritt to him without the knowledge or consent of the sureties, whereby they were released from liability.

There was a trial by the court without a jury and a judgment for the defendants, Mather and Thom.   The plaintiff comes to this court, the alleged errors chiefly relied on being that the judgment is not sustained by sufficient evidence and that the court improperly admitted in evidence a certain letter received by the plaintiff from the defendant, Burritt.

The evidence shows substantially the following state of facts: Lawrence lent to Burritt, on April 15, 1895, five hundred dollars, taking his note payable in five months with

interest at one per cent per month from date until paid. Mather and Thom signed the note, and it is not controverted that they were sureties merely. At the time the loan was made Burritt agreed with Lawrence that he would pay one half of one per cent per month in addition to the one per cent mentioned in the note. Lawrence handed to him a check for $500, and Burritt thereupon returned to him $12.50, the amount of the added interest for the period of the loan, five months. A short time prior to the maturity of the note Burritt said to Lawrence that he might need more time in which to pay, and Lawrence told him if he did, he should have it by giving a new note with the same parties signing it. The note was not paid when it became due on September 15, 1895, and there was due and unpaid on that date twenty-five dollars of interest according to the terms of the note. But on October 3 following, Burritt wrote Lawrence as follows: "I inclose herewith my check 4849 for $40. $25 of this amount pays the interest on my note for $500 to its maturity, September 15, 1895. The remaining $15 pays the one half per cent bonus on the loan for the extension of the six months, which will make the amount due you on March 15, 1896, $500 principal and $30 interest. There is no necessity, so far as I am concerned, for the giving of a new note, the extension can be indorsed on the back of the old note."

Lawrence received the letter and the inclosed check, and made the following indorsement on the note: "September 14, 1895. Interest paid in full to date." Thom testifies that when, in 1898, Lawrence requested payment of the note from him, he stated that Mr. Burritt told him a renewal of a note by indorsement did not release the sureties, and was as good as a new note, and that Lawrence further said he had renewed this note by indorsement, and it was as good as a new note. Lawrence testified that he had never renewed the note by indorsement or otherwise, had never agreed to do so, and never so stated to Thom. That he remembered the conversation referred to, and that his

statement that his attorney, Mr. Burritt, had told him that an extension of a note by indorsement did not release the sureties, had reference to notes generally, and not to this note in particular, though he and Thom had been speaking of this note in a former part of the conversation. But whatever may be the precise facts of this conversation, the note itself shows that no indorsement was made, in terms extending the time of payment; and it was left for the court to determine whether a valid agreement to extend the time was shown by a preponderance of all the evidence in the case. The note bore the following indorsements: " September 14, 1895, interest paid in full to date. March 14, 1896, interest paid, $30. September 1, premium interest paid to September 15, 1896, $15. September 15, interest paid in full to date. December 15, received interest, $30. January 8, 1898, received by deposit, $35.85."

No question is made in this case as to the legality of the alleged contract for the extension of the time of payment of the notes sued on, or the legality of any alleged consideration for such contract. But it is contended by plaintiff in error that there is no evidence whatever tending to show that any such contract or agreement was made, or that any consideration, legal or otherwise, was paid for such extension. They contend simply that the finding of the court that there was such a contract is entirely unsupported by any evidence in the case.

In view of the fact that the only direct evidence upon the subject is found in the testimony of the plaintiff in error who testifies that no extension was ever made, and that none was ever contemplated or considered except by the execution of a new note signed by the same parties ; and in view of the further fact that Lawrence testified at the instance of, and as a witness for, the defendants, we have had no small difficulty in arriving at a satisfactory conclusion. There was no excuse for the court below to reject the testimony of Lawrence, but it must, we think,

have accepted it as true, for the several reasons that he was the witness of the defendants, he is substantially uncontradicted, and there is nothing apparent in the testimony itself which indicates any intention upon his part to testify falsely or to evade the truth. He was apparently convinced that he had said or done nothing which bound him to an extension of the time of payment, and he was quite ready to state freely all the facts and circumstances. The precise question presented to us, then, is whether the court below was justified in inferring from his testimony and the surrounding facts a valid and binding contract to extend the time of payment for six months from the maturity of the note, on September 15, 1895.

He testifies that he made no such agreement, and that he received no consideration for any such agreement. Both these statements involve conclusions of law, and did not bind the court, however confident the witness may have been of the correctness of his opinion. The proof shows conclusively that about October 3, after the maturity of the note, on September 15, he received from Burritt the twenty-five dollars of interest due to the maturity of the note at one per cent, and fifteen dollars in addition. The one-half per cent, which they had contracted for over and above the one per cent named in the note, had been paid for the first five months at the time the loan was made. The conclusion then seems to be irresistible that this fifteen dollars was interest in advance.

We think that, by the weight of authority and in reason, the payment of interest in advance is evidence of an agreement to extend the time of payment for the period for which the interest is paid. Undoubtedly there may be a reservation of the right to sue which would rebut such evidence. But in the absence of such reservation, either expressly made or inferable from the circumstances, there seems to be no other reasonable explanation of the transaction. Brandt on Suretyship, Sec. 352; Scott v. Saffold, 37 Ga., 384. Interest is a payment made for the privilege

of using another's money, and where it is paid in advance to a definite time, in the absence of other explanation, it seems to be necessarily implied that the lender upon his part has agreed that the borrower may use it at the agreed rate for such time, and that the borrower upon his part has surrendered his right to pay off, within such time, the amount borrowed, thereby relieving himself from the payment of interest. But the facts as shown by this record make a stronger case than the mere payment of interest in advance. Just prior to the maturity of the note Burritt suggested to Lawrence that he might need more time, and Lawrence told him he could have it by executing a new note with the same signers. Shortly after maturity Burritt remitted the interest due to maturity, together with fifteen dollars in addition, stating in his letter that the latter amount paid the one-half per cent bonus on the loan for the extension of the six months, and suggesting a different method for evidencing the extension, by indorsement on the old note. Lawrence did not make the indorsement suggested, but he kept the money and indorsed its payment on the note as "interest paid in full to date," dating the indorsement September 14, 1895. He states that he indorsed it in that way. It is urged that there is no evidence of an extension, because the terms upon which he agreed to extend — the execution of a new note, were not complied with, and the method of extension suggested by Burritt in his letter was not adopted. But it was not necessary that the contract should be evidenced by any writing, and an answer is necessary to the question: For what purpose and in pursuance of what agreement or understanding did Lawrence accept and retain this payment? — By terms of the letter it was a proposed payment for an extension of six months. He made no answer to the latter either verbally or in writing. In the absence of explanation it must be taken to have been received and applied for the expressed purpose for which it was paid.

In reply to the question whether it was applied as indicated by Mr. Burritt in his letter, he said, "The same

as the $12.50, paying the difference." And again, the court asked the question : "There was no payment made on this note that was not credited about the time it became due? Ans. I should say no ; I credited in full. That covers what was paid me. Q. What was that ? Ans. What was due. Q. At one per cent? Ans. What the note called for, and one-half per cent in addition, or I would not have made the loan." The statement is clear that it was paid, like the $12.50, in pursuance of the contract to pay one-half per cent in addition. And the conclusion of the court was natural and legitimate that, as the $12.50 was exacted in advance in order to obtain the loan in the first place for five months, so the $15 was paid at the same contract rate for an extension of six months after maturity. Again the witness stated that what was paid him at this time was " what was due," clearly indicating that, in his view of it, the extra, or premium, interest was due in advance, at the beginning of the term, while the one per cent stipulated for was not due until its expiration. It is impossible to figure, by any method of calculation, that this amount could be due at the rate of one-half per cent per month, except upon the understanding that the loan was to run for six months longer.

In view of all the facts, we have no question that the evidence is sufficient to support the judgment, and that there is a fair preponderance in favor of the view adopted by the court. And from what has already been said, it is evident that the letter in question was, in our opinion, properly admitted in evidence, and is in no sense hearsay. It was a proposition for a six months' extension. And while the details suggested were not complied with, the proposition itself was accepted and the extension granted. That it was a proposition coming from a third person, arises from the nature of the case, and if it were deemed hearsay for that reason, then no contract for an extension operating to discharge sureties, could ever be established.

Counsel for plaintiff in error rely upon the authority of Uniontown Bank v. Mackey, 140 U. S., 224, which they say is parallel with the case under consideration. In that case, the court found, as a matter of fact, that the holder agreed "to extend the credit upon renewal notes, made by the same parties who executed the original notes, and the surety being too sick to join in the execution of new notes, the plaintiff sent to the original maker, at its request, a statement of the interest for four months, as well as blank renewal notes, to be signed by both makers, when the surety should be able to do so ; and that such interest was paid by the principal, and received by the plaintiff, after the surety's death, the plaintiff at that time being ignorant of his death, and expecting that the principal would procure and deliver renewal notes, as before proposed, and nothing being then said as to an agreement for an extension of time, or as to the effect of the payment of interest." In the case before us, however, there is no proof that the plaintiff received the interest, expecting a new note to be executed, but, upon the contrary, the payment was accompanied by a proposition that no new note be executed. And it is not true in this case that nothing was then said as to an agreement for an extension or as to the effect of the payment of interest. Upon the contrary, the payment of interest was accompanied by a statement that it paid for the extension for six months, and also a statement of what would be due when the extension should expire. The very facts upon which the court based its opinion in Bank v. Mackey are absent in this case.

*Affirmed.*

POTTER, C. J., and KNIGHT, J., concur.