## Staunton.

## J. H. HELDRETH AND V. L. STEPHENSON v. BARNES MOORE.

September 19, 1929.

Absent, West, J.

158

The opinion states the case.

*W. B. Kegley* and *J. Powell Royall*, for the plaintiffs in error.

*James W. Harman*, for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

This is an action in which J. H. Heldreth and V. L. Stephenson, endorsers on a certain note for $600.00, made by L. H. Bird, payable to the order of W. L. Moore, executor, in six months and dated April 22,

1922, are resisting payment of the said note to Barnes Moore, the executor of W. L. Moore. The judgment of the court was in favor of Barnes Moore in the amount of $600.00, with interest at the rate of six per cent per annum from April 22, 1924. The note was not paid at maturity, and W. L. Moore died two or three years before the trial of the case, which was on November 16, 1928.

On September 7, 1928, the appellants filed three pleas—the plea of *nil debet*, a special plea claiming a release on account of extension of payment and the plea of usury. On the day of the trial the defendants filed a plea of *non est factum*, while the maker of the note, L. H. Bird, filed a plea of discharge in bankruptcy.

The note sued on by provision endorsed on the back thereof and signed by the endorsers, expressly waives presentment of the note and demand for payment, protest, notice of dishonor and non-payment, and there is a provision for the payment of ten per cent. attroney's fee.

There are certain credits endorsed on the back of the note which will be discussed later.

The note is not endorsed by W. L. Moore or his executor and it is claimed that he did not show ownership of the note, but as this question was raised for the first time in this court we will not further consider it.

There are a number of assignments of error. Many of which are entirely without merit, but they should probably be considered in passing.

It is charged that the court erred in not sustaining the motion in arrest of judgment of the appellants, Heldreth and Stephenson. The ground of this motion is that the jury, after having brought in a verdict finding for the plaintiff in the sum of $600.00, was in-

structed by the court that their verdict should specify the date from which interest should run if they were of opinion that interest should be allowed. The jury shortly thereafter brought in an amended verdict finding for the plaintiff in the sum of $600.00, with interest at the rate of six per cent from April 22, 1924. There is no error in this action of the court.

It is also contended that the court erred in overruling the appellants' motion to set aside the verdict of the jury because—

(a) The title of the plaintiff to the note in question was put in issue by the plea of *nil debit*, and the evidence fails to show title in plaintiff's assignor, *India* v. *Copenhaver*.

(b) The parol testimony shows extension of time for the payment of the note by binding agreement between the payee and the maker, without reservation of recourse against the endorsers and without the knowledge or assent of the endorsers, and this testimony is corroborated by the plaintiff's evidence, that is, memorandum of payments endorsed on the note introduced in evidence by the plaintiff, showing payment of interest to a definite future date or dates after the maturity of the note.

(a) The question as to the title of the note was raised for the first time in this court as heretofore stated, and as intimated above will not be further considered.

(b) Upon the question of the extension of time of the payment of the note, thus releasing the endorsers, the record discloses that this question was fairly submitted, upon the facts of this case, to the jury by proper instruction. The burden was upon the endorsers to sustain the defense, and W. L. Moore being dead it is necessary under the law to corroborate the testimony

of these witnesses. There was no evidence produced to corroborate the testimony of the maker, L. H. Bird, but it is said that the endorsements on the note are in themselves a corroboration because they show payment of interest to a definite time or times beyond the due date of the note. We cannot concur in this view. The payments endorsed on the back of the note are uncertain, ambiguous and conflicting and it does not by any means appear clear to us that they indicated any extension of time beyond the due date of the note. These endorsements are as follows:

.''October 9, 1922.

"By check for interest of October 9, 1923.

"By cash for interest to October 22, 1923—$30.00.

"October 22, 1923.

"By check for interest April 22, 1924, thirty dollars.''

The maker of the note (Bird) admitted that he never paid for more than six months at a time and never for as much as a year. It is useless to pursue further the question as to whether these ambiguous endorsements corroborate the evidence of appellants. The jury by its verdict held otherwise, and whether it is a question of law or fact the finding upon this point was correct.

■ The appellants in their special plea claim extension of the note and rely solely upon the alleged extension of October 22, 1922. There is no record of any extension granted on this date and as far as we have been able to find none was shown in the evidence. We think, therefore, that even if there were any merit in the plea it is without evidence to support it.

■ Courts generally agree that where there is proof that the holder of a note has received interest in advance for a period beyond the date of maturity, this is not conclusive evidence of a binding agreement ex-

■

tending the time of payment. The general rule is, however, that such payment is *prima facie* evidence of such an agreement, without regard to the length of time for which interest is paid. See 8 C. J. 430 and also *Lawrence* v. *Thom*, 9 Wyo. 414, 420, 64 Pac. 339.

In the case of *Cape Charles Bank* v. *Farmers' Mutual Exchange*, 120 Va. 771, 92 S. E. 918, it was held that payment and acceptance of interest to a future date makes a *prima facie* case of intention to extend the time of payment of a debt. In that case there were circumstances and there was testimony negativing any intention or agreement to extend the time of payment.

Judge Sims, at page 779 of 120 Va., 92 S. E. 921, said: "If there be present in a case the bare facts of the payment and acceptance of interest in advance, the evidence being silent as to the actual intention of the parties, and there being nothing in their situation or in the surrounding circumstances to negative the fact that the minds of the parties met on an agreement to extend the time of payment of the obligation on which interest in advance is paid, the authorities are in conflict as to whether such mere payment and acceptance of interest in advance is sufficient evidence of the existence of such an agreement. The weight of authority and reason seems to be in favor of the proposition that while payment and acceptance of interest in advance is not in itself an agreement to extend the time of payment of the obligation on which the interest is paid, yet it is evidence tending to prove the existence of such an agreement, and in the absence of any other evidence bearing upon the negative of the question, such payment and acceptance of interest affords *prima facie* evidence of the existence of such an agreement."

At page 782 of 120 Va., 92 S. E. 922, it is said: "So

in the case at bar it was a question of fact for the jury to ascertain with what intention the interest was paid and accepted in advance. The latter, in the absence of other evidence bearing upon such intention, would have been sufficient evidence that the intention was to extend the time of payment of the debt. But in the presence of the other evidence aforesaid the question of the existence of such intention was for the jury."

So the question is a matter for the jury when there are facts or circumstances which are in conflict with the presumption and if the facts and circumstances are ascertained, the question as to whether they constitute an agreement (to extend the time of payment) is a question of law for the court.

Upon this question the jury found, under proper instruction, that there had been no extension. In the instant case there were no such facts and circumstances as would justify the court in holding, as a matter of law, that the time of payment had been extended. It was a jury question and the jury having determined it that is an end to it here.

There are two special pleas filed by J. H. Heldreth and V. L. Stephenson in which they allege, one that the note for $600.00 in the notice of motion described, and on which the action was brought, was for the payment of interest at a greater rate than was allowed by law. The only party testifying to this is L. H. Bird, maker of the note, and there is no evidence to support his statement. W. L. Moore being dead, corroborating evidence is necessary before such a plea can be sustained. In addition the note, which, as we said, was for $600.00, on its face provided for the payment of interest. There is no charge of usurious interest.

L. H. Bird testified that in addition to six per

cent interest W. L. Moore paid him for the note only $580.00, and as heretofore stated there was no other evidence as to this. The question was submitted to the jury under proper instruction which found against the contention of L. H. Bird, and this ends the controversy upon this proposition.

The other plea was a plea of *non est factum*. It is contended by the endorsers that when W. L. Moore purchased the note that there was no provision for interest and that W. L. Moore inserted the sentence "with interest from date" after it had been signed by L. H. Bird and the endorsers, Heldreth and Stephenson. It is true Heldreth and Stephenson testified that there was no such sentence in the body of the note when they endorsed it and they contend that W. L. Moore wrote the sentence in the body of the note. There is ample evidence denying this statement of these endorsers. In fact, R. C. Crockett, an attorney residing in Tazewell county, testified that the words "with interest from date" were in his (R. C. Crockett's) handwriting and not in the handwriting of W. L. Moore. There was other evidence contradicting the statement of the endorsers, and this question was also submitted to the jury with the result that they held that the note was made by L. H. Bird and endorsed by Heldreth and Stephenson, and that the words "with interest from date" were there when the note was made. This conflict of evidence was disposed of by the jury and ends the controversy upon this point.

We will not go into the question of cross assignments of error. Appellees apparently are not insisting upon consideration of this question. At any rate we consider the case has been fairly tried and a proper conclusion reached.

In view of this the judgment will be affirmed.

*Affirmed.*